1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10                          ----oo0oo----

11   CAROL DAVIS, JOHN DAVIS, and
     MICHELLE TORIGIANI,
12                                       NO. CIV. S-03-1649 WBS DAD
              Plaintiffs,                NO. CIV. S-04-0300 WBS GGH
13
         v.                              ORDER RE: COSTS
14
     LOCKHEED MARTIN, et al.,
15
              Defendants.
16   _____

17   LAURIE H. LABARE, et al.,

18            Plaintiffs,

19       v.

20   LOCKHEED MARTIN, et al.,

21            Defendants.
22   _____

     TRIAD INTERNATIONAL MAINTENANCE
23   CORPORATION, and TIMCO AVIATION
     SERVICES, INC.,
24
              Third-Party Plaintiffs,
25
         v.
26
     HAWKINS & POWERS AVIATION, INC.,
27
              Third-Party Defendant.
28   _____

                                 1

On April 18, 2005, this court issued an order granting summary judgment to third-party defendant Hawkins & Powers Aviation, Inc. ("Hawkins") against all claims made by Triad International Maintenance Corporation and TIMCO Aviation Services, Inc. (collectively, "TIMCO"). (Apr. 18, 2005 Order at 10). On September 26, 2005, judgment was entered against TIMCO in favor of Hawkins. On October 4, 2005, Hawkins submitted its bill of costs in the amount of $8,672.36. TIMCO does not object to the bill.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in 28 U.S.C. § 1920). The district court has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997); Alflex Corp. v. Underwriters' Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998); Amarel, 102 F.3d at 1523.

///
///

1         After reviewing the bill, the court finds all costs to
2 be reasonable.  Accordingly, costs of **$8,672.36** will be allowed.
3         IT IS SO ORDERED.
4 DATED:  October 24, 2005

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3